23 F.3d 402
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Katia Gutierrez de MARTINEZ; Eduardo Martinez Puccini;
Henny Martinez de Papaiani, Plaintiffs-Appellants,
v.
Dirk A. LAMAGNO; Drug Enforcement Administration; United
States of America, Defendants-Appellees.
 No. 93-1573.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 2, 1993.
Decided April 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-55-A)
 Isidoro Rodriguez C., Law Office of Rodriguez & Sibley P.C., Barranquilla, Columbia, for appellant.
 Kenneth E. Melson, U.S. Atty., Rachel C. Ballow, Asst. U.S. Atty., Alexandria, VA, for appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Katia Gutierrez de Martinez, Eduardo Martinez Puccini, and Henny Martinez de Papaiani ("Appellants") appeal the district court's dismissal of their personal injury action brought against the Drug Enforcement Administration ("DEA"), DEA Special Agent Dirk A. Lamagno, and the United States pursuant to the Federal Tort Claims Act ("FTCA" or "Act"), 28 U.S.C.A. Sec. 2671 (West Supp.1993). Finding no error, we affirm.
 
 
 2
 Appellants, citizens of the Republic of Colombia, seek general and special damages for physical injuries and property damage incurred in an automobile accident that occurred on the night of January 18, 1991, in Barranquilla, Colombia. Defendant Lamagno, driving a government-owned Ford Bronco, collided with Appellants' vehicle in an intersection.
 
 
 3
 Appellants filed an administrative claim with the DEA pursuant to 21 U.S.C. Sec. 904 (1988) on May 8, 1991. Because the amount of the claim exceeded the DEA's limited settlement authority,[1] the claim was referred to the Department of Justice. No final administrative decision has yet been issued on that claim.
 
 
 4
 In the absence of a final decision on their administrative claim, and to avoid a statute of limitations bar, Appellants filed this action against Lamagno, the DEA, and the United States. The United States Attorney filed a Certification of Scope of Employment and Notice of Substitution of the United States for Defendant Lamagno pursuant to 28 U.S.C.A. Sec. 2679(d)(1) (West Supp.1993). The district court substituted the United States for Defendant Lamagno and dismissed Lamagno from the case. Defendants then moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The district court granted that motion. Appellants appeal.
 
 
 5
 We review de novo the dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(1) or 12(b)(6). Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989). Dismissal is appropriate where it appears beyond doubt that the plaintiff can prove no set of facts to support his allegations. Id.
 
 
 6
 The FTCA acts as a waiver of the United States's sovereign immunity in limited circumstances. However, the Act specifically excludes certain types of claims, preserving the immunity of the United States. One such exclusion is for "any claim arising in a foreign country." 28 U.S.C. Sec. 2680(k) (1988). Accordingly, the United States cannot be subjected to a tort suit of negligence based on an act or omission by an employee or agent of the United States where the claim giving rise to the suit occurred in a foreign country.
 
 
 7
 The district court properly found that this case falls squarely within the foreign country exception to the Act. It is undisputed that the automobile accident that caused Appellants' injuries occurred in Barranquilla, Colombia, a foreign country. Moreover, the alleged negligence which proximately caused the accident (failure to adhere to local traffic rules and improper operation of a motor vehicle) arose in Barranquilla.
 
 
 8
 Appellants advance two arguments to avoid the effect of the foreign country exemption from the FTCA. First, Appellants argue that they are entitled to judicial review under 21 U.S.C.Sec. 904 (1988). We disagree. Section 904 states:
 
 
 9
 Notwithstanding section 2680(k) of Title 28, the Attorney General, in carrying out the functions of the Department of Justice under this subchapter, is authorized to pay tort claims in the manner authorized by section 2672 of Title 28, when such claims arise in a foreign country in connection with the operation of the Drug Enforcement Administration abroad.
 
 
 10
 The plain language of Sec. 904 makes no provision for judicial review and we will not broadly imply a waiver of sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1975). Moreover, while Sec. 904 does make reference to Sec. 2680(k) (the foreign country exception to the FTCA) and Sec. 2672 (allowing administrative payment of claims under the FTCA), we think it notable thatSec. 904 does not reference any other statutory provision suggestive of a judicial remedy. Accordingly, we reject Appellants' attempt to circumvent the foreign country exception by means of Sec. 904.
 
 
 11
 Appellants also contend that their case falls within the "headquarters claim" exception to the foreign country exclusion of the FTCA. Specifically, Appellants maintain that the alleged negligence occurred in the United States and not in Colombia. The district court rejected that argument, as do we.
 
 
 12
 A headquarters claim exists where negligent acts in the United States proximately cause harm in a foreign country. Such claims typically involve allegations of negligence by agents located in the United States in the guidance of employees who cause damage while in a foreign country, or of activities which take place in a foreign country. Cominotto v. United States, 802 F.2d 1127, 1130 (9th Cir.1986).
 
 
 13
 To establish a headquarters claim Appellants must establish a plausible proximate nexus between the acts or omissions in the United States and the resulting damage or injury in a foreign country. See Eaglin v. United States, Dep't of Army, 794 F.2d 981, 983 (5th Cir.1986). The district court's finding regarding proximate causation is a factual one, subject to a clearly erroneous standard of review. Cominotto, 802 F.2d at 1130. Here, the district court's finding that Appellants failed to demonstrate that the acts or omissions of the United States employees at the DEA Headquarters in Arlington, Virginia, were the proximate cause of the automobile accident in Barranquilla, Colombia is not clearly erroneous.
 
 
 14
 Appellants cited no authority holding that federal agencies have a duty to provide additional instruction to their employees, properly licensed under state law, before permitting them to operate government vehicles in foreign countries. Thus, the alleged negligence by headquarters personnel is too attenuated to support a headquarters claim in this case. Eaglin, 794 F.2d at 984 n. 4. Therefore, we affirm the district court's order dismissing the case for lack of jurisdiction.
 
 
 15
 We also affirm the district court's order substituting the United States in place of Defendant Lamagno. The FTCA provides that if the Attorney General certifies that the defendant employee was acting within the scope of his employment, the United States shall be substituted as the party defendant. 28 U.S.C.A. Sec. 2679(d)(1).
 
 
 16
 The law in this Circuit is clear that such a certification is conclusive. Johnson v. Carter, 983 F.2d 1316, 1320 (4th Cir.) (en banc), cert. denied, 62 U.S.L.W. 3244 (U.S.1993). Specifically, we have held that no discretion is given to the district court to review the Attorney General's certification made pursuant to 28 U.S.C.A. Secs. 2679(d)(1), (2). Johnson, 983 F.2d at 1319. Thus, the district court lacked discretion to review the United States Attorney's determination that Lamagno was acting within the scope of his employment at the time of the accident in Colombia. Id.
 
 
 17
 Finding no error, we affirm the district court's orders.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 28 U.S.C.A. Sec. 2672 (West Supp.1993)
 
 
 [2]
 We note that Appellants may yet receive redress for their injuries by virtue of the administrative claim they filed pursuant to 21 U.S.C. Sec. 904